*91 ! OPINION of the Court, by
Judge Owsiey,
Brown purchased from Bacon a negro man, and some time after lie paid the parchas? money, the negro died.
He may affirm the contract and recov. er damages for the deceit $ cr he tnay ¿ifaffirm the comradt, and' íue for ihe pi ice paid ; in the latter caie the plaintiff ought to return or offer to return the properly.
Where there Was dvioence on both hues, and the weight of evidence was with thie ver-didl, a new trial refufed.
Where the verdiCi is affirmed by the court who tried the caufe, the cafe ihculd be ilrong and dear to induce the appellate court to fet afide the verdiCt as a-gainft evidence.
New trial re. fufed, when moved on the ground of ex-ceflive damage?, in an action for deceit in a fale, be-caufe they were not fla. grairly and groifiy exeef-Sve.
Brown thou brought suit against Bacon, alleging. a warranty of soundness, and «pon a trial on the general issue, a verdict and judgment were obtained by Brown. Bacon being dissatisfied with that judgment, brought the cause to this court; and because it was thought the evidence did not support the allegation of warranty, the judgment was reversed, and the cause remanded to the court below for new proceedings. When the cause, went back to that court leave was given Brown to file an amended declaration, which was accordingly done, and Bacon therein charged with fraud in the sale of the negro. ,
To this amended declaration Bacon demurred, but the demurrer being overruled by the court, at the instance of Bacon, it was withdrawn, and the general issue pleaded ; and upon a trial of that issue a v erdict was again found for Brown: Bacon then moved for a new trial, hut his motion was overruled and judgment entered on the verdict of the jury. From which judgment, Bacon has again appealed to this court; and Isas assigned for erior— 1st, That the court erred in overruling the appellant’s demurrer to the declaration. 2d, The could erred in refusing to give the instructions as asked by the appellant, and in giving the instructions to the jury which they did give. 3d, The court erred ip overruling the appellant’s motion for a new tidal.
Th e first assignment of errors cannot be sustained. The appellant, by withdrawing his demurrer, has waived all exceptions to the correctness of the opinion of that court in overruling it. The cause must (as has been repeatedly held by this court) now be considered as if no demurrer had been ever filed.
With respect to the second assignment, we are of opinion the court below decided correctly. It was clearly unnecessary for the appellee, the plaintiff in that court, to return the negro before he could maintain this action. That might he essential in an action for the consideration of the purchase ; for there, as the right to recover would depend upon the contract being avoided by the purchaser, to prove such an avoidance evidence of the negro having been returned might be required.
Notwithstanding, however, such proof might be required where the purchaser disaffirms the contract and goes fox’ the consideration, it cannot be necessary where^ *93 as in this case, the contract is affirmed and damages sought for the injury resulting from the fraud.
In the latter case fraud is of the essence of the action ; it is the commission of the fra ud that gives the action ; and it is from that time the cause of action is said to llave accrued, and proof of the fraud, without proof of any subsequent act, will maintain the action. The failure, therefore, to return the negro,- cannot defeat the appellee of his right to recover ; but as that failure evinces an intention in him to affirm the contract, it was a circumstance proper for the consideration of the jury in mitigation of the damages. As, therefore, the opinion of the court below has recognized these principles, tlieir instructions to that effect are consequently correct.
It remains to determine whether anew trial should have been awarded ? Itwas asked for on the following grounds: 1st, That the verdict was against law 5 2d, that the, 'verdict was against evidence; and 3d, that the damages were excessive.
If the verdict, be agreeable to evidence, it is plain that there is no doubt but it conforms to .law, for it is not sug* gested that any principle of law is violated unless it results from -'the verdict being against evidence.
With respect to the evidence, it may be properly denominated of a doubtful character ; and although perhaps the whole of it cannot be reconciled, we are inclined to think its weight is on the side of the. verdict. It is sufficient, however, to maintain the verdict, that the evidence is not plainly and palpably against it : for as the jury have ascertained the facts, and their verdict has been approved by the court presiding on the trial, the case should be clear and strong for this court to interpose.
We have not thought it material to enter into a critical and exact calculation of the precise sum we should have given in damages, had we been upon the jury ; for we have no donbt the verdict, if at all too high, is not so grossly and flagrantly so as to authorise a new trial on the ground of exeessiveness of damages.
The judgment of the court below must therefore he affirmed with cost and damages.