.fudge Ewirg;
delivered the Opinion of the Court.
Dunn and Runyon, as lessors of the plaintiff, brought an action of ejectment against Bennett, and a verdict having been found in favor of the plaintiff—on the motion of Bennett, a new trial was granted. On the second trial, a verdict was again found against Bennett, and his motion for a new trial overruled, and he has brought the case to this Court.
Three grounds for a new trial were urged before the Circuit Court:
(1.) That the verdict was against the weight of evidence.
(2.) That the Court erred in permitting improper evidence to go before the jury.
(3.) That the Court erred in qualifying the instructions asked by Bennett.
Where evidence has been introduced on both sides, and a verdict found for one of the parties, and sustained by the Circuit Court, upon a motion for a new trial, it must be a clear case against the verdict, to justify this Court to interpose, and set it aside. In that Court, where the witnesses are introduced, and thoroughly cross-examin- . , . ,,. , , ed, tace to lace to the parties and their counsel, in the *423 presence of the judge and jury, their manner, as well as the matter of their evidence, may be scrutinized, and the force of their testimony more correctly weighed and understood. It may lose much of its force by being spread on the record, and is generally very defectively presented to this Court. It should, therefore, exercise it-s power over the subject, with great caution and circumspection even when a single verdict has been' given. 1 Bibb, 303; 3 Lit. Rep. 169; 4 Bibb, 91, Bacon v. Brown; Lit. Sel. Ca. 223; 2 Lit. Rep. 306; 1 Marshall 314; 1 Marshall 335, and sparsim.
dence in an eject P.robf Was made that the subscribing witness to a title bond was dead, and that the bond had accompained the possession from Us date, upwaids of thirty years before;—it bore an assignment, to which there was a witness— his death, and his handwriting, were proved:— there was no error in admitting the bond, as evirnent, without further proof of its execution. It was relevant, to show the claim of possession, and its extent, by the party holding under it.
But when evidence has been introduced on both sides, it may be proper for this Court, in some cases, to interpose against the opinion of the Circuit Court, and set aside a single verdict, clearly and palpably against the weight of evidence; yet this Court will generally forbear, and will rarely, if ever, interpose to disturb the opinion of the Circuit Court, when two concurring verdicts have been rendered. 1 Marshall, 182, Dorsey v. Dougherty.
It is the interest of the republic that there should be an end to litigation.
Though viewing the testimony as it is presented to us, in this record, there seems to be a pretty clear preponderance in favor of BennejU; yet, for the above reasons, we do not feel authorized' to disturb the verdict on the first ground relied on.
Second. The plaintiff’s lessors, in the progress of the case, after they had introduced evidence tending to show the possession and claim of the land in contest, for near forty years, by Dunn, and of the fifty acres thereof embraced by the following bond, by Hamer and Runyon, since the date of the said bond—introduced and read to the jury, said bond from Dunn to Hamer, dated the 19th of February, 1800, signed by Richard Dunn, by his mark, and tested by one Searcy, for fifty acres, oiF the south end of the tract of one hundred acres, on which said Dunn lived—upon no other proof of its execution than the proof of Searcy’s death, and that the bond was in the possession of Runyon; and then read to the jury *424 the assignment endorsed on said bond, from Hamer td Runyon, dated August 8th, 1807, upon the proof of the hand writing of James Kelly, the subscribing witness to the assignment, who was proven to have removed Id the state of Missouri.
There is no error in qualifying Instructions, given for one party, by adding, at the instance of the other, that if the jury do not find the facts to be as supposed in the instructions,their conclusions must be different.
We perceive no objection to the use of the bond and assignment, either on the score of their relevancy, or the sufficiency df their proof of executioti. They tended, in corroboration with the other proof, to show, not only the claim of possession by Dunn, and those claiming under him, but also the character and extent of the possession.
And as the bond was more than thirty years old, and had accompanied the possession of the land called for, it was competent to read it td the jury, without further proof of its execution than that which was exhibited. 1 Slarkie on Ev. part 2, Sec. 143-4-5.
Third. We perceive no error iti the qualifications given by the Court, to the instructions asked by the defendant’s counsel.
They only amounted to a negatidn of the principle of law propounded by the Court to the jury, at the instance of the defendant, provided, they came to a conclusion upon the facts, differeht from that supposed in the instructions.
It is, therefore, considered by the Court, that the judgment of the Circuit Court be affirmed.