Sandford, &c., vs. Smith, &c.

---

CASE 37—PETITION ORDINARY—JULY 5.

## Sandford, &c., vs. Smith, &c.

APPEAL FROM GALLATIN CIRCUIT COURT.

1. Where issues of fact have been formed by the pleadings, and both parties have introduced evidence; the jury properly instructed as to the law of the case; a verdict returned for one of the parties; and a motion for a new trial overruled by the court below, the Court of Appeals will not interpose to set aside the finding, unless it is clearly and palpably against the weight of evidence; and—

Where there have been *two concurring verdicts, and the jury not misdirected by improper instructions*, this court will rarely, *if ever*, disturb the last finding, contrary to the opinion of the court below sustaining it. (*Bennett vs. Runyan et al.*, 4 *Dana*, 422.)

2. Defendants cannot introduce evidence to disprove or contradict what they have admitted to be true in their answer.

3. An instruction cannot be properly given by the court, at the instance of the defendants, authorizing the jury to base a finding for them, to any extent, upon their belief, from the evidence, of the non-existence of a fact which they have admitted in their pleadings.

4. The defendants having admitted the execution of the note sued on for five hundred and seventy-seven dollars and eighty cents, the circuit court *improperly instructed* the jury to inquire into that fact; "and if they believe from the evidence that the note was signed in blank, without authority from defendants to fill the

blank with a larger sum than three hundred and twenty-five dollars, and it was filled for a larger sum, they can only find for the plaintiffs said sum, if they believe it was advanced in good faith."

GEO. C. DRANE and
JOHN L. SCOTT,                                    For Appellants.

J. D. LILLARD,                                    For Appellees,

CITED.

*Hardin*, 539 ; 2 *Bibb*, 542 ; 3 *Bibb*, 80.
2 *J. J. Mar.*, 310 ; 3 *Dana*, 54 ; 7 *B. Mon.*, 109. ,
8 *B. Mon.*, 192, 10 *B. Mon.*, 256 ; 1 *Marshall*, 183.
4 *Dana*, 423 ; 1 *Marshall*, 335 ; 2 *Monroe*, 299.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Appellants brought this action against appellees upon a note executed to them for five hundred and seventy-seven dollars and eighty cents.

The defense relied upon is, that there was no consideration to uphold the note, and also, that there was a failure of consideration.

On the first trial the jury found for appellants two hundred and twenty-five dollars. Being dissatisfied with that verdict, they moved for and obtained a new trial. The second trial resulted in a verdict for appellees. On motion of appellants, a new trial was again granted them ; and on their petition the venue was changed from the Owen to the Gallatin circuit court, where the case was tried at the last March term of said court, and the jury again found for appellees. Appellants' motion for a third new trial having been overruled, they have now appealed to this court.

For appellees it is insisted, that where, as in this case, there have been three verdicts, and two set aside for the

unsuccessful party, this court is not authorized to interpose and set aside a third finding, in opposition to the opinion of the court below.

The doctrine on the subject seems to be, where issues of fact have been formed by the pleadings, and both parties have introduced evidence; the jury properly instructed as to the law of the case; a verdict returned for one of the parties, and a motion for a new trial overruled by the court below, this court will not interpose to set aside the finding, unless it is clearly and palpably against the weight of the evidence; and where there have been *two concurring verdicts*, and the jury not *misdirected by improper instructions*, this court will rarely, *if ever*, disturb the last finding, contrary to the opinion of the court below sustaining it. (*Bennett vs. Runyan et al.*, 4 *Dana*, 422.)

The reason upon which this doctrine is founded is obvious. The jury are the triers of the facts. The witnesses are confronted with the parties in the presence of the court; they are cross-examined by opposing counsel; their deportment is before the jury, who can scrutinize what they say, as well as their manner of deposing; and with these advantages, they can more correctly weigh and understand the force of the testimony, than those who only see it as it is spread on the record, and often very imperfectly presented.

If the foregoing be a correct statement of the legal principle governing in such cases, can the verdict and judgment complained of be sustained?

The answer to this question involves alone the propriety of the giving the instructions asked for by appellees.

By the first of which, the jury are told, in substance, that although they may believe from the evidence that

Sandford advanced money to relieve the son of one of the defendants from the draft, or to purchase a substitute, still, if they believe he was only to advance three hundred and twenty-five dollars, and a blank note was given him to be filled up for that purpose, he had no right to fill up the blank for a larger sum without the consent or direction of the obligors; and they can only find for plaintiffs three hundred and twenty-five dollars, in the event they believe it was advanced *in good faith*, for the release of his son, or for services rendered by plaintiff in procuring his release.

Appellees, in their answer, more than once admit, in express and direct terms, the execution of the note; but, notwithstanding these admissions, the jury are instructed to inquire into that fact; and "if *they believe, from the evidence*, that the note was signed in blank without an authority from appellees to fill the blank with a larger sum than three hundred and twenty-five dollars, and it was filled for a larger sum, they can only find for the plaintiffs said sum, if they believe it was advanced *in good faith*."

Whether or not that instruction might have been given, if a plea of *non est factum* had been in, we need not decide, as there is no such issue. But appellees certainly cannot introduce evidence to disprove or contradict what they have admitted to be true in their answer; nor can an instruction be properly given by the court, at their instance, authorizing the jury to base a finding for them, to any extent, upon their belief, from the evidence, of the non-existence of a fact which they have admitted in their pleadings. This, the instruction under consideration in effect does, and was, therefore, erronous; besides, it is in conflict with the opinion of this

court in the analogous case of *Hammond, &c., vs. Sandford, decided winter term*, 1868–9.

Wherefore, the judgment is *reversed*, and the cause remanded for a new trial, and for further proceedings consistent with this opinion.