Louisville and Nashville Railroad Company v. Graves' Assignee.

CASE 16—SEPTEMBER 20.

# Louisville and Nashville Railroad Company v. Graves' Assignee.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. Three verdicts for the same party, the last sustained by the Circuit. Court. Although this Court may be of the opinion that the weight of evidence is against it, yet the verdict and judgment will not be: disturbed.

2. The exception to depositions was general, and some part of each being: competent, was properly overruled.

MESSRS. KLINE & McCLARTY FOR APPELLANT.

The Circuit Court erred in refusing to grant a new trial.    (24 Wisconsin,. 165.)

D. M. RODMAN FOR APPELLEE.

There had been three trials, and in each a verdict for appellee.    The Court correctly overruled the motion for another.    (L., C. and L. R. R. Co. v. Mahoney's adm'r, 7 Bush, 235; Danville and Nicholasville: T. P. Co. v. Stewart, 2 Met., 122; Sandford v. Smith, 5 Bush, 471.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

1. The motion to strike out the amended petition was; properly overruled.    Counsel admit that the propriety of filing it was involved, and made a question on the last appeal, and this Court failing to notice it, was equivalent to, deciding that it was properly filed.

2. The exception to the depositions of Kelly and Browning was general; went to the whole deposition; and some: part of each being competent, the exception was properly overruled.

3. We do not find any order overruling appellant's objections to so much of Graves' testimony as detailed what Tracy told him, nor any exception to any ruling on this, point that may have been made.    All that appears is, that. the appellant objected; but the objection does not appear to»

have been acted on, nor does it appear that the motion to exclude was acted on.

4. The testimony of Brady offered to be read from the bill of exceptions was not relevant to any issue in the case, and was properly rejected. If admitted, it could not have been of any advantage whatever to the appellant; and the same is true of that part of Graves' testimony on the first trial that was excluded.

5. The instructions given for the appellee were objected to, but no exception was taken to the action of the Court in giving them, and consequently no question as to their correctness can be made in this Court. (Sections 333, 334, Bullitt's Code.)

The real question in the case was, whether the appellant agreed to allow Graves to take up the tickets and to pay him for them, and that question was fairly presented to the jury in the instructions given for plaintiff and defendant, and there was no error in rejecting the other instructions asked by the appellants.

Treating the assignment of errors as sufficient to raise the question whether the Court did not err in refusing to grant a new trial on the ground that the verdict was against the evidence, we are still of the opinion the judgment must be affirmed.

Counsel says the evidence on the last trial was no stronger for the appellee than on the former trials, and in this we concur with him.

In the former opinions, we said the verdict was against the clear weight of the evidence, and in the first, that the evidence was so conclusive for the appellant that no verdict for the appellee could be sustained. This, counsel contends, was conclusive of the question, and that unless the evidence

was stronger on the latter than on the former trial, the question is *res adjudicata*, and the parties and this Court are alike bound by the former opinions. His contention is, in effect, that, upon the question whether the verdict should be set aside as against the evidence, all this Court can properly do is to look into the evidence on the former trials, and compare the evidence on the last trial with it, and decide whether the evidence on the last trial was stronger for the appellee than on the former trials, and that if the conclusion is that it was not, then a new trial follows as of course.

The statement in the first opinion, that " no verdict can be sustained, upon the proof, for the appellee," is no stronger than if the language had been "*the* verdict cannot be sustained." The Court did not mean by the expression used to anticipate its own action in future, even upon the same evidence. It was not said in either opinion, and such was not the fact, that there was no evidence whatever to support the verdict. The expression that the verdict was against "the clear weight of the evidence," shows that the Court did not consider that there was a total failure of evidence for the appellee.

The case is therefore no stronger for the appellant than if we had simply said, on the former appeals, that the verdicts were clearly against the weight of the evidence. We are still of that opinion as to the last as well as the former verdicts. Was it, then, the duty of the Court below to grant a new trial, or is it the duty of this Court to reverse because that Court refused a new trial? The case has been tried three times, and each time there has been a verdict for the appellee on the same evidence. The former judgments were reversed for errors of law.

We have decided there was no error of law on the last trial, and if we reverse, we must do so solely on the ground that the verdict is against the evidence.

Section 341 of the Civil Code provides that no more than two new trials shall be granted to a party upon the ground that the verdict is not sustained by the evidence. It is true the reversals of this case have been upon questions of law; but the fact still remains that there have been three findings in the same way upon the same evidence, and while the case may not be within the letter, it is clearly within the spirit of the statute, and it is also within a rule laid down in the decisions of this Court prior to the enactment of the statute.

In Dorsey v. Dougherty (1 Mar., 183), this Court held that there having been two concurring verdicts, although in the opinion of the Court against the weight of the evidence, there ought not to be a new trial; and this case was approved and followed in the subsequent case of Bennett v. Runyan (4 Dana, 422).

In the former case a petition for rehearing was filed by Judge Bibb. He did not question the correctness of the general rule announced by the Court, but sought to make that case an exception by arguing that the first new trial was granted on the ground that one of the jurors was incompetent, being under the age of twenty-one years; but the Court overruled the petition.

As before remarked, there is some evidence conducing to sustain the verdict. Questions of fact belong, under our judicial system, to the jury, with a discretionary power in the Court to set aside their finding when clearly against the weight of the evidence; but the Court does not then take the case from the jury and decide the questions of fact, but must refer it to another jury; and as long as there is some

evidence to sustain the cause of action or defense, the case must, after each reversal, go again to a jury. If counsel is right in his position, that when this Court reverses once because the verdict is against the evidence, it must continue to do so as long as the evidence is the same, there can be no end to litigation, unless the jury will give way to the Court. This might render the litigation in a case interminable, and would sap the very foundation of the jury system.

Questions of fact belong primarily to the jury, and the Court only interferes to prevent injustice from haste, inadvertence, or prejudice; and as the Court has no authority to decide questions of fact in a case properly triable by a jury, if there be any evidence proper to be considered by the jury, if the jury will not give way the Court must, that there may be an end of litigation.

Moreover, as litigants have a right to have questions of fact decided by a jury, the refusal of the Courts to yield, after such a number of trials, all resulting in the same verdict, as give reasonable assurance that the verdict is the result of an honest conviction produced in the minds of the jury, and not of mere inadvertence, passion, or prejudice, a refusal of the Courts to yield to the ultimate triers of the facts would be a virtual abolition of the right of trial by jury.

Judgment affirmed.