# Norfolk & W. Ry. Co. v. McCoy.

(Decided Oct. 20, 1936.)

W. K. COWDEN, W. R. McCOY and HOMER E. HOLT for appellant.

JASPER H. PREECE and W. H. D. PREECE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

This is the third time this case has been here on appeal. The opinions on former appeals are reported, respectively, in 250 Ky. 190, 61 S. W. (2d) 1080, and 257 Ky. 32, 77 S. W. (2d) 392. Full and complete statements of the issues, facts, and circumstances shown by the records are fully set out in those opinions; therefore, we shall refrain from further statement or elaboration, except to say that on the third trial there was evidence of some additional erosion and washing of appellee's land caused by a number of unusually high tides in Tug river in 1935. However, it is made to appear from the record that very little more of the land had been washed or damaged, and there is little difference in the conditions presented by this appeal and those on former appeals.

The main ground relied on for reversal is that the damages awarded are excessive. It is to be doubted if any of the other alleged errors could be held sufficiently prejudicial to warrant a reversal; however, we reserve all other questions and address our discussion to the ground stated.

Counsel for respective parties are in agreement that the determination of this question must turn on construction and effect to be given section 341 of the Civil Code of Practice. They, however, entertain divergent views respecting the meaning and purpose of that section, which reads:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, or in any other action in

which the damages equal the actual pecuniary injury sustained; nor shall more than two new trials be granted to a party upon the ground that the verdict is not sustained by the evidence.''

Counsel for appellee maintain that this court is precluded from reversing the judgment and granting a new trial by the latter portion of the quoted section, while, on the other hand, counsel for appellant with equal earnestness insist that the provision relied on by appellee has no application here because the damages awarded are grossly excessive. It is our view that the application of section 341 is made to depend upon the construction given to the previous section.

Section 340 of the Civil Code of Practice in part provides:

''The former verdict or decision may be vacated and a new trial be granted, on the application of the party aggrieved, for any of the following causes affecting materially his substantial rights. * * * 4. Excessive damages, appearing to have been given under the influence of passion or prejudice. * * * 6. That the verdict or decision is not sustained by sufficient evidence or is contrary to law.''

It is quite apparent that the Legislature had in mind a difference between the grounds above stated when they embodied them in different subsections of section 340. It is equally apparent that in enacting that part of section 341 which reads, ''nor shall more than two new trials be granted to a party upon the ground that the verdict is not sustained by the evidence,'' the Legislature had in mind subsection 6 of section 340.

Quite a number of cases have been cited by counsel for respective parties, but so far as the opinions disclose this distinction has seldom been brought to the attention of the court; in fact, no direct reference has been made to it in any of them.

The first case cited by appellee is Louisville & N. Ry. Co. v. Graves' Assignee, 78 Ky. 74, an opinion rendered by Judge Cofer in 1879 and two years after the latter portion of section 341 above quoted was added by amendment in 1877. In that opinion it was then in part stated:

''It is true the reversals of this case have been upon

questions of law; but the fact still remains that there have been three findings in the same way upon the same evidence, and while the case may not be within the letter, it is clearly within the spirit of the statute, and it is also within a rule laid down * * * prior to the enactment of the statute.''

Without unnecessarily lengthening our opinion by citation of authorities, it may be said that the rule as laid down by Judge Cofer has been gradually and greatly relaxed, and we find in Louisville & N. R. Co. v. Daniel, 131 Ky. 689, 115 S. W. 804, 806, 1198, petition for rehearing denied 119 S. W. 229, it is in part said:

> ''This code provision however, and the construction given to it, does not limit the right of this court to set aside verdicts and grant a new trial when errors of law have been committed to the prejudice of the party appealing, or when the verdict is so excessive as to make it plain that it was given under the influence of passion or prejudice. When either of these conditions is made to appear, any number of verdicts may be set aside and new trials granted.''

While not so stated, the writer of that opinion evidently had in mind the distinction between the subsections of section 340, above quoted. The opinion cites Louisville & N. Ry. Co. v. Carter, 86 S. W. 685, 27 Ky. Law Rep. 748. In the latter case it appears that the plaintiff recovered a verdict for $600 and the verdict was reversed on the ground that it was excessive. See Id., 66 S. W. 617, 23 Ky. Law Rep. 2104. On the second trial there was a verdict for plaintiff in the sum of $718 on substantially the same evidence, and this was likewise reversed as excessive. See 76 S. W. 364, 25 Ky. Law Rep. 759. On the third trial, the judgment was for $700, and in reversing that judgment the court said:

> ''The evidence on the last trial is much the same as on the other two. The verdict is palpably excessive, and cannot be allowed to stand, for the reasons below given and those given in the former opinions.''

So far as our research discloses this is the first time that the court apparently gave recognition to the difference between the quoted subsections of section 340 and treated the latter part of section 341 as referring back to subsection 6 thereof. In assigning excessive

damages as one of the grounds in motion for new trial, appellant follows substantially the language of subsection 4, sec. 340, and is arguing that ground here, so the question is squarely presented to the court. Since the motion for new trial was overruled, the Legislature by chapter 27, Acts 1936, has repealed section 341 of the Civil Code of Practice, and in some circumstances an interesting question might arise as to whether that act would be given retroactive effect, but the conclusion we have reached renders it unncessary to consider or determine that question.

It is our conclusion, and we are constrained to hold, that the latter part of section 341 of the Civil Code of Practice refers and applies solely to subsection 6 of the previous section, and that since the evidence is substantially the same as that on the former trials, we must adhere to our holding in the first opinion that the verdict is grossly excessive, and therefore under subsection 4 of section 340 of the Civil Code of Practice appellant was entitled to a new trial.

Wherefore the judgment is reversed for a new trial and proceedings in conformity with this opinion.

The whole court sitting.