## Norfolk & W. Ry. Co. v. McCoy.

Jan. 27, 1939.

574

WILLIAM R. McCOY for appellant.

JASPER H. PREECE and W. H. D. PREECE for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—
Reversing.

This is the fourth appeal of this case from the Martin Circuit Court. As the statements of the facts, and issues appear in the opinions on the former appeals, which are reported in 250 Ky. 190, 61 S. W. (2d) 1080; 257 Ky. 32, 77 S. W. (2d) 392; and 265 Ky. 653, 97 S. W. (2d) 571, we will not set them out herein. However, it is necessary for us to mention the amount of land appellee claims, in the last trial of the case to have been damaged by the water; also, to mention certain testimony admitted over defendant's objection.

The fill which appellee claims has diverted the water of Tug Fork of the Big Sandy River and caused same to flow over his farm, resulting in his land washing, was constructed by the appellant during the years 1925 and 1926. This appeal is the out-growth of a trial had on Aug. 13, 1927; therefore, appellee's land has been subjected to washing caused by the diverting of the waters of this river for about 11 years. Appellee testified something like three acres of his farm has been ruined as a result of this washing. From the dimensions appellee gave of the washed land, the appellant contends a mathematical calculation shows it to be only one and a half acres. The jury returned a verdict for appellee for $1800, the full amount sued for on this fourth trial, which verdict the trial court reduced by $143.68 because of an outstanding dower interest in an undivided ¼ interest in 23 acres of appellee's land, and entered judgment upon the verdict for $1656.32.

Appellee's farm is located on the Kentucky side of Tug Fork. Just across the river on the West Virginia side shortly before appellant constructed its additional track, it bought from Alice Copley, Thomas Simons, Miranda McCoy and possibly others, various small tracts of land lying between the river and the bluff on which to lay its tracks. The space between the bluff and the river was quite narrow and it was imperative that appellant acquire this narrow strip of land in double tracking its railroad, therefore it paid a high price for same. During the fourth trial of this case the court over appellant's objection permitted appellee to introduce testimony showing the sums these owners had received from appellant in the purchase of their lands upon which to lay its additional track. Also, the court over the objection of appellant permitted appellee to introduce testimony showing the price paid by Ransom Hammon for a store house and 7 acres of land on Tug Fork at the mouth of Calf Creek. The purpose of this testimony was to fix the value of appellee's land which had been washed by diverting the waters of the river. This evidence was incompetent because it was irrelevant. We have held many times that in arriving at the value of land taken, or damaged, the testimony of the value of other lands is admissible where there is such similarity in all essential particulars as to raise a logical inference that practically the same elements of value are present in both instances. City of Hazard v. Eversole, 237 Ky. 242, 35 S. W. (2d) 313; Kentucky Hydro-Electric Company v. Woodard, 216 Ky. 618, 287 S. W. 985; City of Paducah v. Allen, 111 Ky. 361, 63 S. W. 981, 23 Ky. Law Rep. 701, 98 Am. St. Rep. 422. But in the case at bar there is no such similarity between appellee's farm lands and lands lying in a narrow strip between the river and the adjacent bluff which immediately adjoined appellant's single track. Nor is there any such similarity between appellee's lands and lands upon which a valuable country store is located. Certainly there is no such similarity existing between appellee's farm lands in one instance and the lands on which the double track was laid and the land upon which the country store was located in the other instance as to raise a logical inference that practically the same elements of value were present in both instances. The court erred in admitting such testimony and should there be another trial of this case it will be excluded.

The judgment in the first trial was for $1787.08. In the second trial the judgment was for the same amount. In the third trial the judgment was for $2591.27, and in the fourth trial, resulting in this appeal, the judgment was for $1656.32. In the three former opinions reversing the judgments, we wrote in each instance the judgment was highly excessive. Despite the fact on the fourth trial the testimony showed only three acres of the appellee's farm had been damaged, and despite the fact the testimony showed appellee had listed this farm for taxes during the years 1925, 1927, 1932, and 1933, at sums ranging from $300 to $400, and despite the fact a deed was introduced in evidence by appellant showing that on Sept. 13, 1930, the appellee and his wife conveyed 15 acres off this same farm, which then contained 54 acres, for $300, the trial judge entered judgment for $1656.32. As we said in the three former opinions reversing this case, such damages are grossly excessive. Therefore, under subsection 4 of Section 340 of the Civil Code of Practice, appellant is entitled to a new trial. We direct the trial judge's attention to this code provision; and should there be another trial of this case resulting in an excessive verdict, he will sustain a motion for a new trial, thus saving the litigants the expense and delay incident to repeated appeals.

Appellant complains the trial judge did not allow it time during the trial to locate a witness who had inadvertently left the court house and whom appellant wished to recall to the stand. But as this situation may not arise on another trial, if one is had, it is not necessary for us to discuss this point.

The judgment is reversed for proceedings consistent with this opinion.