CASE 96—PETITION EQUITY—FEBRUARY 19.

# Robertson v. Robertson.

APPEAL FROM HART CIRCUIT COURT.

1. DIVORCE AND ALIMONY—ORDER OF ARREST—BOND.—A wife in a suit by her for divorce and alimony, is entitled, upon the filing of an affidavit showing the facts required in section 153 of the Civil Code, to an order of arrest for the defendant without giving surety.

   The cause for which an order of arrest may be obtained under that section of the Code, is in substance the same cause for which section 2124, Kentucky Statutes, provides the wife may obtain the necessary order for securing alimony for herself and maintenance of the children without giving surety.

2. PRACTICE—PROVISIONAL REMEDIES—ORDERS ISSUED BY CLERK.— The provision of section 2124 of the Kentucky Statutes that "the wife may obtain the necessary orders for securing alimony for herself and maintenance of their children without giving surety," applies to proceedings in the provisional remedy of arrest and bail, as well as to other provisional remedies mentioned in the Civil Code, and the clerk is authorized in vacation to issue such order for arrest and bail, as well as the order for other provisional remedies provided for by the Code.

3. STATUTORY CONSTRUCTION.—When a statute is plain and peremptory, there is nothing for the courts to do but to enforce it as it is written; the legislative will as therein expressed must control, and the courts should not hesitate to give full effect to it, especially when its provisions are not absolutely inharmonious with other statutes, and can be reconciled with them.

S. M. PAYTON FOR APPELLANT.

1. The circuit clerk had no authority to issue the order of arrest under section 2124, Kentucky Statutes, unless the bond required by section 154 of the Civil Code was first executed, and the order was for that reason void. (Secs. 152, 153, 154, 177 and 194 of Civil Code; Pauer v. Simon, 6 Bush, 514; Kline v. Nie, 88 Ky., 542.)

2. The orders to which the wife is entitled under section 2124 of Kentucky Statutes, are such only as are had in proceedings after judgment. No other construction of that section will harmonize its provisions with those of the Civil Code.

Robertson v. Robertson.

McCANDLESS & JAMES FOR APPELLEES.

1. Section 2124, Kentucky Statutes, was enacted since the adoption of the Code, and manifestly suspends its provisions with reference to the execution of bond in the cases embraced by the statute.

2. In a case like this where the husband has converted all his property into money, and is about to leave the State, a wife who might be unable to execute a bond, would be without a remedy but for the enactment of the statute, which was intended for just such cases. (Rhyms v. Rhyms, 7 Bush, 316;)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Eliza J. Robertson brought this action against William Robertson for divorce and alimony.

She states in her petition that they were married in 1895, and lived together as husband and wife until about January 8, 1896, when, without fault on her part, he abandoned and has since lived separate and apart from her, and failed and refused to contribute to her maintenance and support.

She further states that prior to leaving her, he pretending a desire and intention to purchase a home elsewhere, induced her to join him in selling and conveying all their real estate; that he also sold all their personal property, including her own separate estate, worth $100; and the entire proceeds, being about the sum of $4,000, he has appropriated and carried away, leaving her without a home or means of support, or even knowledge of his present location, which he conceals from her.

At the commencement of the action she filed in the office of the clerk of the Hart Circuit Court her affidavit, showing the facts required by section 153, Civil

Code, to authorize an order of arrest; and thereupon such order was issued against defendant, who, being arrested and failing to give bail, was committed to jail, where he now is.

Thereafter he applied to the judge of the circuit court in vacation to vacate said order of arrest, and this is an appeal from the order of said judge overruling that application.

The ground upon which the application was made, and now relied upon for reversal of the order of the circuit judge, is that no bond was executed by or on behalf of the plaintiff in pursuance of section 154, Civil Code, before the order of arrest was issued by the clerk. That section is in these words: "The order of arrest shall not be issued by the clerk until a bond is executed in his office, with good sureties, to the effect that the plaintiff shall pay to the defendant all damages which he may sustain by reason of the arrest, if the order be wrongfully obtained, not exceeding double the amount of the plaintiff's claim stated in the affidavit."

If that section was not by another statute qualified, or rendered inapplicable to the case of a deserted wife suing her husband for alimony, the order of arrest issued by the clerk would have necessarily to be vacated. But section 2124, Kentucky Statutes, provides: "Where a husband is about to remove himself or property, or a material part of it, out of the State, or where there is reasonable grounds to suspect that he will fraudulently sell, convey or conceal his property,

the wife may obtain the necessary orders for securing alimony for herself and maintenance of their children without giving surety."

As that section is part of chapter 66, title of which is "Husband and Wife," and the provisions of which specially relate, among other things, to the subject of divorce and alimony, the legislative will, as therein expressed, must control, and courts should not hesitate to give full effect to it, especially when such provisions are not absolutely inharmonious with other statutes, and can be reconciled with them.

Title of chapter 8, Civil Code, is "Provisional Remedies," and whether the provisional remedy or security for his debt that a plaintiff may, at commencement of the action, apply for arrest and bail, claim and delivery of personal property, attachment or injunction, the clerk of the court is authorized to issue the necessary writ which, in each instance, is called and described an 'order.'

It would, therefore, seem plain that the provision of section 2124, "the wife may obtain the necessary orders for securing alimony for herself and maintenance of their children without giving surety," was intended and does in terms apply to proceedings in the provisional remedy of arrest and bail, as well as to any other mentioned in title 8, Civil Code.

Indeed the cause for which an order of arrest may be obtained under the Civil Code, to-wit, that "the defendant is about to depart from this State, and with intent to defraud his creditors, has concealed or moved

from this State his property," etc., is in substance the same cause for which section 2124 provides the wife may obtain the necessary order for securing alimony for herself and maintenance of the children without giving surety.

Provisional remedies are generally applied for at commencement of actions and during vacation of the court, and the Civil Code has consequently empowered the clerk, upon the terms and conditions prescribed, to issue the necessary order, whether it be an order of arrest, an order for delivery of property, an order of attachment or an order of injunction. It is, therefore, conclusive that "the necessary orders for securing alimony," mentioned in section 2124, were intended to mean, and do mean, "orders" the clerk is authorized by the Civil Code to issue for the various provisional remedies therein provided for, including arrest and bail; for there is nothing in either the Civil Code or Kentucky Statutes that requires the right of a plaintiff to the remedy by arrest and bail, more than his right to any other provisional remedy, to be postponed until the meeting of the court.

When a statute is plain and peremptory there is nothing for the court to do, but enforce it as it is written; and, as it is plainly provided the wife may obtain an order of arrest against the husband for securing alimony for herself without surety, we have no other alternative, but to approve the final order of the judge overruling the motion to vacate the order in question, which is now done.

Robertson v. Robertson.

JUDGE GUFFY DELIVERED THE FOLLOWING DISSENTING OPINION, IN WHICH JUDGES DuRELLE AND BURNAM CONCURRED:

The questions involved in this appeal have never before been decided by this court and are of such vital importance involving both liberty and property, that I feel constrained to enter this, my dissent, from the opinion of the majority of the court.

The appellee, wife of the appellant, instituted suit in the Hart Circuit Court against appellant for alimony and maintenance, and without executing any bond induced the clerk of the said court to issue a warrant of arrest or bail writ for appellant under which the sheriff has arrested the appellant and he was committed to jail in default of bail. He applied to the judge of the said court in chambers for a discharge of said writ which motion was overruled and to reverse that judgment he has appealed.

The contention of appellant is that his motion should have been sustained because no bond had been executed by appellee, and that, without bond, the clerk was not authorized to issue the writ. The contention of appellee is that section 2124, Kentucky Statutes, authorized the clerk to issue the warrant of arrest without bond, and the majority opinion of the court sustained that contention and affirmed the judgment of the court below.

It seems clear to me that the section *supra* does not authorize the clerk to issue the warrant unless plaintiff first executed bond as required by law, or had first obtained an order from the court directing him to do so, if indeed such an order could be legally made.

Chapter 1, section 152, of the Civil Code of Practice, is as follows: "A defendant in a civil action can be arrested and held to bail only upon the conditions and in the manner prescribed in this chapter."

Section 153 requires that an affidavit shall be filed, and specifies what it shall show.

Section 154 is as follows: "The order of arrest shall not be issued by the clerk until a bond is executed in his office, with good sureties, to the effect that the plaintiff shall pay to the defendant all damages which he may sustain by reason of the arrest, if the order be wrongfully obtained, not exceeding double the amount of the plaintiff's claim stated in the affidavit."

The chapter aforesaid contains all the statutory law which provides in terms for an arrest in a civil action, and it nowhere allows an arrest without bond.

I do not think that section 2124, *supra*, taken alone can reasonably be held to authorize the issual of the writ in question, and, when considered in connection with the preceding section and considered in connection with the subject-matter provided for in the chapter and article of the statute in which it appears, it is clear to me that it does not confer the authority claimed. The section *supra* is found in article 2, of chapter 66, of the Kentucky Statutes, title "Husband and Wife."

Section 2117, being the first section of the article, forbids a jury trial in any action for divorce, alimony, or maintenance, and names the causes for which a divorce may be granted.

The next section authorizes each party to marry again, and has some other provisions as to granting divorces.

The next section provides that no petition for divorce shall be taken for confessed, but other proof shall be required, and has provisions as to what proof should be necessary to support certain charges, etc.

The succeeding section prescribes the venue of actions, and includes sundry provisions as to causes of divorce, etc.

The next section authorizes a divorce from bed and board, and also provides that, pending an action for divorce, the court may allow the wife maintenance, and also provides for the disposition of property upon final judgment of divorce, etc.

The next, section 2122, provides if the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable, etc.

Section 2123 is as follows: "Pending an application for divorce or of final judgment the court may make orders for the care, custody and maintenance of the minor children of the parties, or children of unsound mind, or any of them, and at any time afterward, upon the petition of either parent, revise and alter the same, having in all such cases of care and custody the interest and welfare of the children principally in view; but no such order for maintenance of children or allotment in favor of the wife shall divest either party of the fee-simple title to real estate."

Section 2124 reads as follows: "When the husband is about to remove himself or property, or a material part of it, out of the State, or where there is reason to suspect that he will fraudulently sell, convey, or conceal his property, the wife may obtain the necessary orders for securing alimony for herself and maintenance for their children without giving surety."

It will be seen from the foregoing sections that the general scope of the article is, first, to provide for what causes and how divorces may be obtained; and, secondly, to empower the court to afford the proper relief pending the proceeding and on final judgment, and nowhere does it appear that any one other than the court is authorized or directed to make any order for the benefit or relief of any one.

Section 2121 empowers the court to allow the wife maintenance pending an application for divorce.

Section 2122 empowers the court, upon final judgment for divorce, to make the wife an allowance out of her husband's estate, provided she has not sufficient estate of her own.

Section 2123 *supra* authorizes the court, pending an application for divorce, to make suitable orders for the care and maintenance of the minor children of the parties.

Then follows 2124, above quoted, and which the majority opinion holds to authorize the proceeding complained of by appellant. The first part of the section says when the husband is about to remove, etc., or when there is reason to suspect he will fraudu-

Robertson v. Robertson.

lently sell, convey, or conceal his property, the wife may obtain the necessary orders for securing alimony for herself and maintenance for their children, without giving security.

How or from whom does she obtain the necessary orders? It seems to me the answer must be from the same source or power so often referred to in the article aforesaid.

Who is it that makes the order for maintenance pending the suit for divorce? The answer, it seems to me, is the court. Who makes the order for the allowance to the wife upon final judgment for divorce? The court. Pending an application for divorce, who may make orders for the care and maintenance of their minor children? Again the answer must be, the court. When the husband is about to remove himself, etc., or there is reason to suspect that he will fraudulently sell, etc., who gives the wife the necessary orders for securing alimony, etc? My answer is the court, the same power and the only power that so far in this article has been authorized to extend any aid or make any order in such cases; but the answer of the appellee is the circuit clerk is the man, and the means by which the security is to be obtained is by a warrant of arrest or bail writ, or by attachment against the husband or his property. If that be the true answer, I am at a loss to know who is to determine whether the husband is about to remove himself or his property, etc., out of the State, or who it is that is to decide whether there is reasonable ground to suspect that he will

fraudulently sell, etc.  Can the clerk render such de-
cisions?  Has he any right to determine such ques-
tions?  It is worthy of note that the conditions which
authorize the wife to obtain these orders are radically
different from the requirements of the Code of Practice
where arrests, etc., are obtained.

The affidavit of the party and the bond is all that
is required by the Code.  It is wholly immaterial
whether the clerk believes the facts exist or whether
he in his mind believes there are reasonable grounds
to suspect a fraudulent intent, the clerk must issue
the process or order; but in the case at bar the statute
is "when the husband is about to remove," etc., "or
where there is reason to suspect that he will fraudu-
lently sell," etc., "the wife may obtain," etc.

Here some facts must exist.  Again I ask the ques-
tion, who is to determine whether the facts exist?  The
statute does not say where the wife believes or claims
that such a fact exists or that there is reason to sus-
pect, etc., and, manifestly, the law does not allow any
such orders to be made without the facts are estab-
lished, and the distinction between the different orders
provided for is reasonable and proper.

The policy of our law, as well as the civilization
and enlightenment of the nineteenth century, alike
forbid that the forms of law should be used to oppress
or harass any one, or to deprive any one, without
secure means of redress of liberty or property, hence
it is provided in the Code of Practice that a plaintiff
may, upon his own proper affidavit and the execution

of a bond, obtain these extreme provisional remedies, and if it turns out that he is wrong the injured party may have redress or compensation for the wrongs done him in person or property.

In divorce and alimony cases it is provided, as I read the law, that if either of the conditions named in section 2124 are made to appear to the court, it allows the necessary orders, etc., without security. In the former the defendant's interest is protected by the bond; in the latter the court will not allow him to be thus wronged or oppressed without some judicial investigation.

I think that it is a sound rule of law that where a party claims a summary remedy or an extraordinary right that he should always be required to show a plain statute authorizing it.

If the majority opinion is to be the rule of law, then it is in the power of any wife to at any time go before the clerk of the circuit court and procure a warrant of arrest for any sum she desires to name, and have her husband arrested, and, unless he be able to give security in double the sum claimed by her, he must go to jail and there remain until he can be discharged, or she may obtain an attachment for any sum she may desire, and have all his property attached and hold the same until he can obtain a trial in equity of the suit, which, as a rule in such cases, is several years, or at least might be; and, although the proof might show the husband to be entirely free from blame, he would be entirely without remedy or redress, and that

such cases will occur, resulting in the utter ruin of many good men, I have no doubt.

I can not believe that the legislature ever intended to enact such a law. When all a man's property is attached, it is very difficult, if not impossible, to give such a bond as will release his property, for if the wife, who ought to know him well, makes charges sufficient to authorize him to be divested of his liberty or the control of his property, who could be expected to trust him, hence, as a rule, utter financial ruin would often, if not usually, be the result. A worthy woman can, as a rule, more readily give security to obtain an attachment, if she has good grounds for it, than the man can after his property has been attached by her.

If the section relied on in the opinion in this case ever was susceptible of the construction now given by the majority opinion, it seems to me that it would and does stand repealed by the act of March 15, 1894, which is now part of chapter 66 of Kentucky Statutes. That act was intended to and does make a radical change in the rights, privileges and responsibilities of husband and wife.

In section 2128 it is provided that "a married woman may take, hold, acquire property, real and personal, * * * and may in her own name, as if she were unmarried, sell and dispose of her personal property; she may make contracts and sue, and be sued as a single woman," etc.

It seems to me that by the plain provisions of the section just quoted a married woman must now sue

as a single woman, and if she ever had the rights contended for by the appellee, that such rights have of necessity been repealed by the new law. It surely can not be the law that the wife has an option to sue as a single woman or as a married woman. Moreover, there can now be no reason why she should have the extraordinary privileges contended for. She can now hold and sell property the same as a single woman, and is responsible on her contracts the same as a single woman.

It is a well-settled rule of law that the repeal of laws by implication is not favored in law, and the rule is that if two acts or statutes can be upheld by a fair and reasonable construction both will be allowed to stand.

The construction placed on section 2124 repeals the Code of Practice by implication as I see it, but the construction placed by me upon both upholds both, and, besides, affords some protection to the personal and property rights of married men who may happen to displease their wives, or who might be so unfortunate as to have to sue for a divorce, for in that event the wife could, by pleading a counterclaim or set-off, obtain the same extreme remedies that she could in an original suit.